IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | |
|---|---|
| ALFRED RAY SPENCER, JR, <br> PLAINTIFF | \| |
| VS. | \| CIVIL ACTION NO. 2:16-CV-605 <br> JURY |
| ALLSTATE INSURANCE COMPANY, <br> DEFENDANT | \| |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, **ALFRED RAY SPENCER, JR.**, Plaintiff (DLN 915, SSN 336), who files this Complaint against Defendant, **ALLSTATE INSURANCE COMPANY** and in support thereof would respectfully show the court and jury the following:

### 1.

### JURY DEMAND

1.1   Plaintiffs hereby demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### 2.

### PARTIES AND SERVICE

2.1   Plaintiff, **ALFRED RAY SPENCER, JR.** , is a citizen of Texas and resides in

Henderson, Rusk County, Texas.

2.2     Defendant, **ALLSTATE INSURANCE COMPANY**, is a foreign insurance company formed under the laws of Delaware and duly licensed to do business for profit in the State of Texas. Defendant may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### 3.

### JURISDICTION & VENUE

3.1     The jurisdiction of this Court attached under the provisions of 28 U.S.C. §§ 1332 in that the amount in controversy exceeds, exclusive of interest and cost, the sum of Seventy-five Thousand and No/100 Dollars($75,000.00) and the parties are citizens of different states.

3.2     This Court has venue pursuant to § 28 U.S.C. § 1391(a) because jurisdiction is based on diversity of citizenship and the Eastern District of Texas is the judicial district where a substantial part of the events and omissions giving rise to this claim occurred within the Eastern District of Texas.

### 4.

### FACTS

4.1     Plaintiff brings this suit pursuant to the Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code of Texas, for a declaration of the benefits to which Plaintiff is entitled under the policy of insurance which is the subject of this suit. Plaintiff additionally brings this suit to recover for personal injuries sustained by Plaintiff in a collision in Rusk County, Texas with an underinsured vehicle operated by Donovan Mouton an underinsured motorist.  Such accident happened on or about the 22nd day of July, 2012. The collision in question was proximately caused by Donovan Mouton' negligence.   At such time, Plaintiff was protected against loss or bodily injury resulting from the ownership, maintenance, or use of an underinsured motor vehicle or the negligence

of an underinsured motorist by a policy of insurance issued by Defendant, **ALLSTATE INSURANCE COMPANY**, being policy number **000336332651**. Such policy of insurance was in full force and effect on the 22nd day of July, 2012, and at the time of the collision. At the time and on the occasion in question, Donovan Mouton was an underinsured motorist as such is defined by the terms of the policy of insurance issued by Defendant which provided coverage to Plaintiff.

5.

## CAUSES OF ACTION

5.1   At the time and on the occasion in question, and immediately prior thereto, 22nd day of July, 2012, Donovan Mouton, an underinsured motorist, was negligent in various acts and omissions, including but not limited to the following, which negligence was the proximate cause of the occurrence in question:

   a.   In that Donovan Mouton failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person under the same or similar circumstances;

   b.   In that Donovan Mouton failed to apply the brakes to his motor vehicle in order to avoid the collision in question;

   c.   In that Donovan Mouton failed to turn his vehicle in an attempt to avoid the collision;

   d.   In that Donovan Mouton failed to keep an assured clear distance in violation of the Texas Transportation Code;

   e.   In that Donovan Mouton failed to control his speed; and

   f.   In that Donovan Mouton committed other acts of negligence, all of which were a proximate cause of the occurrence in question.

6.

## DAMAGES

6.1   As a direct and proximate result of the collision described above, the Plaintiff suffered severe personal injuries causing Plaintiff to suffer permanent bodily impairment. The collision in

question and Donovan Mouton' negligence has caused Plaintiff physical pain and mental anguish in the past and will, in reasonable probability continue to cause the same in the future by reason of the nature and severity of Plaintiff's injuries and damages. Plaintiff has suffered permanent bodily impairment resulting from her injuries caused by the collision. Plaintiff has been caused to incur medical charges in the past and a reasonable probability will continue to incur the same expenses in the future for Plaintiff's injuries. Plaintiff has also suffered a loss of earning capacity in the past and in reasonable probability will suffer the same in the future.

6.2     The motor vehicle causing Plaintiff's damages described above was at all times material to this action, an "underinsured motor vehicle" and Donovan Mouton at all times material to this action, was an "underinsured motorist" as that term is defined by the policy of insurance issued by **ALLSTATE INSURANCE COMPANY** which covered Plaintiff at the time of the occurrence in question. Plaintiff has complied with all the terms of such insurance policy as a condition precedent in bringing this suit. All conditions precedent to bringing this suit have been performed or have occurred. All conditions precedent to Defendant's liability have been performed or have occurred. Nevertheless, Defendant, **ALLSTATE INSURANCE COMPANY,** has failed and refused, and continues to fail and refuse, to pay Plaintiff the benefits under the policy of insurance as it is contractually required to do. Defendant has breached its contract of insurance providing underinsured motorist benefits to Plaintiff by failing to pay to Plaintiff the benefits that Plaintiff is rightfully due under the policy of insurance issued by **ALLSTATE INSURANCE COMPANY.**

7.

## UNFAIR CLAIM SETTLEMENT PRACTICES

7.1     In the handling of the above-referenced claim, Defendant has committed numerous violations of Chapter 542 of the Texas Insurance Code which is commonly known as the Unfair Claim

Settlement Practices Act. Particularly, Defendant failed to timely acknowledge receipt of the claim; commence investigation of the claims; and request from the claimant all items, statements, and forms that the insurer reasonably believed, at the time, would be required from claimant. Defendant further failed to timely notify Plaintiffs in writing of the acceptance or rejection of the claim. Defendant further failed to timely pay the claim. In doing so, Defendant has violated the provisions of Chapter 542 of the Texas Insurance Code and particularly Section 542.055, Section 542.056, Section 542.057, and Section 542.058 of the Texas Insurance Code. Therefore, pursuant to Section 542.060 of the Texas Insurance Code, Defendant is liable for interest on the amount of the claim at the rate of eighteen percent (18%) a year as damages from the date of each violation, together with reasonable attorney's fees necessary for the enforcement of this claim. Plaintiffs bring this suit to recover such interest and attorney's fees in addition to the damages to which Plaintiffs are rightfully entitled under the policy of insurance described herein.

7.2     Plaintiff has retained the law firm of Phenix & Crump to represent Plaintiff in this action and has agreed to pay the firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Texas Civil Practice and Remedies Code of the State of Texas.

## 8.

### DECLARATORY RELIEF

8.1     The Plaintiff requests that the court declare the amounts to which Plaintiff is entitled under the policy of insurance, in particularly, the uninsured/underinsured motorist coverage provided by the policy of insurance described above.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial hereof Plaintiff have and recover of and from the Defendant:

1. Judgment against Defendant for a sum in excess of the minimum jurisdictional limits of this court;

2. Damages to which Plaintiffs are entitled under the policy in question;

3. The statutory penalty for Defendant's failure to comply with the provisions of the Unfair Claim Settlement Practices Act set forth in Chapter 542 of the Texas Insurance Code;

4. Reasonable and necessary Attorneys' fees;

5. Pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

6. Eighteen percent (18%) per annum as additional damages for violation of the Unfair Claims Settlement Practices Act;

7. Costs of suit; and

8. Such other and further relief which Plaintiff may be justly entitled and for which Plaintiff will ever pray.

Respectfully submitted,

PHENIX & CRUMP, PLLC
118 SOUTH MAIN STREET
P. O. DRAWER 1005
HENDERSON, TEXAS 75653-1005
(903) 657-3595
FAX NO. (903) 657-3598
J. R. "RUSTY" PHENIX
STATE BAR #15908300
CARY CRUMP
STATE BAR # 90001754

BY: ___/s/J. R. "Rusty" Phenix___
J. R. "RUSTY" PHENIX
*Attorneys for Plaintiff*

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A JURY TRIAL**