# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **ALFRED RAY SPENCER, JR.**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | NO. 2:16-CV-605-JRG |
| | § | |
| **ALLSTATE INSURANCE COMPANY**, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Insurance Company's ("Allstate") Motion to Transfer Venue to the Tyler Division of the Eastern District of Texas. (Dkt. No. 3). After considering the same, the Court finds that the motion should be and is hereby **DENIED**.

## I. BACKGROUND

Plaintiff Allfred Ray Spencer, Jr. ("Spencer") resides Henderson, Rusk County, Texas. (Dkt. No. 1 at 1–2). On July 22, 2012, Spencer was involved in a motor vehicle accident with Donovan Mouton in Carthage, Panola County, Texas. (*See* Dkt. No. 1; Dkt. No. 3 at 7).[1] According to Spencer, Mr. Mouton was an underinsured motorist. (Dkt. No. 1 at 2). On June 8, 2016, Plaintiff Alfred Ray Spencer, Jr. ("Spencer") sued his insurance provider, Allstate, seeking to recover benefits pursuant to an underinsured motorist policy. (*Id.* at 2–3). Allstate subsequently filed this Motion to Transfer Venue under 28 U.S.C. § 1404(a). (Dkt. No. 3).

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

---

[1] Despite the fact that Spencer's complaint alleges that the accident occurred in Rusk County, Texas, the police report attached to Allstate's motion to transfer clearly indicates that the accident happened on Highway 149 in Carthage, Panola County, Texas. (Dkt. No. 3 at 7).

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[2] The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203. Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). These standards apply equally to cases where a defendant seeks to transfer to another division within the same district. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

---

[2] Although Allstate explicitly filed its motion pursuant to 28 U.S.C. § 1404(a), and thus clearly recognized the controlling nature of federal venue statutes in this case, it inexplicably argues that the mandatory venue provision contained in Section 1952.110 of the Texas Insurance Code controls the propriety of venue in this federal suit. (Dkt. No. 3 at 3–4). However, in light of Congress's power to prescribe housekeeping rules for federal courts under Article III of the Constitution, as recognized by *Erie RR Co. v. Tompkins* and its progeny, this Federal Court is obligated to follow federal venue law rather than Texas state law. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990) ("Questions of venue . . . are essentially procedural, rather than substantive, in nature.").

A defendant seeking transfer for convenience under § 1404(a) bears a "significant burden . . . to show good cause for the transfer." *In re Volkswagen II*, 545 F.3d at 314 n.10. To meet this "significant burden," the movant must demonstrate that the proposed transferee forum is "clearly more convenient" than the forum chosen by the plaintiff. *Id.*

## III. ANALYSIS

The Court finds that Allstate has failed to carry its burden to demonstrate that the Tyler Division is clearly more convenient than the Marshall Division. In fact, transferring the suit to Tyler would result in greater *inconvenience* because the relevant events and proof are located in closer proximity to the Marshall Courthouse than they are to the Tyler Courthouse. Further, transferring this suit solely on the basis of divisional boundaries would give effect to "a simplistic abstraction of the facts" rather than "the realities of any actual inconveniences." *See Smith v. Michels Corp.*, No. 2:13-cv-185, 2013 WL 4811227, at *4 (E.D. Tex. September 9, 2013).

### A. The Suit Could Have Been Brought in the Tyler Division

The preliminary inquiry in the 1404(a) analysis is whether the lawsuit could have been brought in the division to which the movant seeks a transfer. *In re Volkswagen I*, 371 F.3d at 203. Here, the parties do not dispute that suit could have been brought in the Tyler Division. Accordingly, the Court finds this preliminary inquiry satisfied.

### B. Private Factors

Initially, the Court notes that the arguments advanced in Allstate's Motion to Transfer consist of three points: (1) the plaintiff resides in Rusk County, in the Tyler Division; (2) the accident happened in Panola County, in the Tyler Division; and (3) the Texas Insurance Code mandatory venue provision applies. (Dkt. No. 3 at 3–4). Spencer's response essentially consists

of two arguments: (1) the Courthouse in Marshall is closer to the accident site than the Courthouse in Tyler; and (2) the Marshall and Tyler Courthouses are equidistant from Spencer's residence in Henderson, Rusk County, Texas. (Dkt. No. 6 at 3). Although neither party meaningfully addressed the *Volkswagen* factors, the Court will address the arguments of the parties through each of the individual factors provided in *Volkswagen*.

    *1.    Relative Ease of Access to Source of Proof*

Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be a private interest factor to be considered. *See Volkswagen II*, 545 F.3d at 316. In light of the parties' arguments, the Court must consider whether 1404(a) and *Radmax* give greater weight to divisional boundaries or to the parties' actual convenience. This Court is persuaded that the parties' actual convenience is the controlling consideration as the Law rarely favors form over substance. *See Smith*, 2013 WL 4811227, at *4. Therefore, because the sources of proof are more convenient to Marshall than Tyler, the Court finds that this factor weighs against transfer.

Here, the motor vehicle accident which gave rise to this suit occurred in Carthage, Panola County, Texas. Additionally, the responding police officers are situated in Carthage. (*See* Dkt. No. 3, Ex. A). The accident report and attendant investigation as to this collision came from the City of Carthage Police Station in Panola County. (See *Id.*; Dkt. No. 6 at 3). Panola County is in the Tyler Division of the Eastern District of Texas. Therefore, the Tyler Division is home to at least two potential sources of proof (the accident site and police report), and the parties have not identified any sources of proof in the Marshall Division. Were the Court's decision based solely on divisional boundaries, these facts would weigh in favor of transfer. However, as Spencer points out in his response, the sources of proof referenced above are actually located closer to the

Courthouse in Marshall than the Courthouse in Tyler. (Dkt. No. 6 at 3). Specifically, the accident scene is located approximately 31 miles from the Courthouse in Marshall, while it is located approximately 62 miles from the Courthouse in Tyler. (Dkt. Nos. 6 at 3; 6-1). Similarly, the Carthage Police Station is located approximately 28 miles from the Courthouse in Marshall, while it is located approximately 60 miles from the Courthouse in Tyler. (Dkt. Nos. 6 at 3; 6-2). Both potential sources of proof, although located in the Tyler Division, are clearly located closer to the Courthouse in Marshall than they are to Tyler. This difference in distance translates easily into a higher degree of convenience in Marshall than Tyler.

The Court finds that the importance of divisional boundaries must succumb to considerations of actual convenience under these facts. Section 1404(a) enables transfer "for the *convenience* of parties and witnesses." If this "convenience" standard is to have real effect, then this Court must not elevate the form of divisional boundaries over the substance of actual convenience. While location of the sources of proof within the transferee division will frequently weigh in favor of transfer in most *inter*-district transfers, *intra*-district transfers under *Radmax* require more careful consideration of the actual conveniences. The flexibility provided by *Volkswagen* and *Radmax*, however, allows for this approach and ultimately counsels against transfer in this case.

In *Radmax*, the Fifth Circuit reiterated the high burden that a movant under § 1404(a) bears: a motion to transfer should be granted only if "the movant demonstrates that the transferee venue is *clearly* more convenient." *In re Radmax*, 720 F.3d at 288. Therefore, in this case Allstate has the burden to demonstrate that a courthouse located twice as far as the current courthouse from the only identified sources of proof is a "clearly more convenient" forum. This it cannot do. Accordingly, this factor weighs against transfer.

5

## 2. *Availability of Compulsory Process to Secure the Attendance of Witnesses*

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See In re Volkswagen II*, 545 F.3d at 316. Federal Rule of Civil Procedure 45 provides that a Court has subpoena power over a witness to compel the witness's attendance at a trial or hearing within 100 miles of the witness's residence, place of employment, or regular place of business. Fed. R. Civ. P. 45(c)(1)(A). Additionally, a Court may compel a person to attend a trial or hearing within the state in which the person resides, is employed, or regularly transacts business if the person is a party or party's officer or is commanded to attend a trial and would not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). A court also has nationwide subpoena power to order third-party witnesses to attend deposition, so long as the deposition is to take place within 100 miles of the witness's residence or regular place of business. Fed. R. Civ. P. 45(a)(2), 45(c)(1)(A); *see VirtualAgility, Inc. v. Salesforce.com, Inc.*, 2:13-CV-00011-JRG, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014).

Here, neither party specifically identified a single witness. In its motion, Allstate suggested "it may be necessary to call witnesses, such as police officers who investigated the accident, which occurred in a county within the Tyler Division." (Dkt. No. 3). Assuming that Allstate does intend to call the police officers, however, the only conceivable police officers which Allstate would call at trial (those who responded to the accident) are stationed in Carthage. (See Dkt. No. 3, Ex. A). Any potential police officer with relevant knowledge which either party desired to call would be within the Court's subpoena power. Accordingly, because it appears that "all of the likely witnesses in this case are within the subpoena power of either court" this factor is neutral. *See In re Radmax*, 720 F.3d at 288.

*3. Cost of Attendance for Willing Witnesses*

The third private interest factor is the cost of attendance for willing witnesses. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342. As the Fifth Circuit has emphasized, this factor does not lose all relevance when the movant seeks to transfer to a venue within 100 miles of the court from which transfer is sought. *In re Radmax*, 720 F.3d at 288–89. Indeed, the Fifth Circuit recognized that even transfers within 100 miles can impose costs on the witnesses, and that these costs should be factored into the analysis. *Id.* at 289.

As discussed above, neither party specifically identified a single witness to be called at trial. However, as mentioned previously, the only conceivable police officers either party would call at trial are located in Carthage. Accordingly, it would actually be more convenient for those officers to travel the approximately 30 miles to Marshall than the approximately 60 miles to Tyler. Even though the Court was not presented with any actual evidence regarding the cost of attendance for witnesses, the Court does not envision a trial without witnesses. All potential witnesses would have less inconvenience in Marshall than Tyler. This factor, at worst, is neutral, though in all likelihood it weighs against transfer. For these purposes, the Court considers it neutral.

*4. All Other Practical Problems*

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." "Practical problems include those that are rationally based on judicial economy." *Eolas Technologies, Inc. v. Adobe Sys., Inc.*, 6:09-CV-446, 2010 WL 3835762 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 Fed. App'x 295 (Fed. Cir. 2011). The Fifth Circuit has clarified that "the garden-variety delay associated with transfer is

not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289.

Here, neither party specifically identifies any "practical problems" based on judicial economy which would make trial of the case in either Marshall or Tyler more or less expeditious. Therefore, this factor is deemed to have no bearing on the transfer analysis and is neutral.

**C.     Public Factors**

   *1.     The Administrative Difficulties Flowing From Court Congestion*

Neither party addressed any administrative difficulties flowing from court congestion in briefing. Like the court in *Radmax*, this Court is "unaware of any administrative difficulties that would arise from transferring or retaining this case." *In re Radmax*, 720 F.3d at 289. Accordingly, this factor is neutral. *Id.*

   *2.     The Local Interest in Having Localized Interests Decided at Home*

The Court must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Here, it is clear that the events underlying the lawsuit and the plaintiff's residence both lie within the geographic boundaries of the Tyler Division. These facts would suggest that Tyler is the only community with a local interest in the lawsuit. However, to give such definitive weight to divisional boundaries again elevates form over substance. The reality is that the community of Tyler, Texas has no greater localized interest in a case centered in Carthage, Texas with a plaintiff from Henderson, Texas, than does the community of Marshall, Texas. "The localized interest here is in and around [Carthage and Henderson] and a trial in [Tyler] does not address that interest any more or any

less than would a trial in Marshall." *See Smith*, 2013 WL 4811227, at *4. Therefore, the Court finds that even if the Tyler Division has "the very slightest of a greater interest" in the case than does the Marshall Division (due solely to divisional boundaries), this factor is neutral. *Id.* at *3–4.

3. *The Familiarity of the Forum With the Law That Will Govern the Case*

Neither party argues that either the Marshall Division or the Tyler Division lacks familiarity with the law that will govern in this case. Therefore, this factor is neutral. *See In re Radmax*, 720 F.3d at 289.

4. *The Avoidance of Unnecessary Problems of Conflict of Laws or in Application of Foreign Law*

Neither party argues that there will be a conflict of laws problem or a problem with the application of foreign law to this case. Therefore, this factor is neutral. *See id.* at 289–90.

## IV. Conclusion

The analysis used here is substantially the same as this Court employed in the *Smith* case some three years ago. *See Smith*, 2013 WL 4811227, at *4. There, in cautioning against a mechanical transfer analysis under 1404(a) and *Radmax*, the Court offered a hypothetical illustration that now seems to be a reality. In *Smith*, this Court hypothetically explained that "a suit wherein all of the events occurred and witnesses reside in Carthage, Texas, for example, would have to be transferred to the Tyler Division of the Eastern District of Texas" despite the fact that a transfer under those facts "would require these hypothetical parties and witnesses to travel 33 miles *further* to the United States Courthouse in the Tyler Division rather than in the Marshall Division." *Id.* This result would turn inconvenience on its head. If the Court were to solely give effect to divisional boundaries, the result in that hypothetical as well as the present suit would be a transfer to a more inconvenient courthouse.

"Such a simplistic abstraction of the facts," the Court noted in *Smith*, "obscures the realities of any actual inconveniences or lack thereof." *Id.*

As in the *Smith* case, this Court takes the Fifth Circuit's language in *Volkswagen II* at face value: the defendant must demonstrate that the transferee venue is *clearly* more convenient. Here, Allstate has plainly failed to demonstrate that the Tyler Division is even marginally more convenient, let alone *clearly* more convenient.. Accordingly, the Court finds that Allstate's Motion to Transfer Venue (Dkt. No. 3) should be and is hereby **DENIED**.

**So ORDERED and SIGNED this 22nd day of November, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE